UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-10279-AK |
| ) | |
| (9) QINLIANG CHEN, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**KELLEY, D.J.**

WHEREAS, on May 25, 2023, a a federal grand jury sitting in the District of Massachusetts returned a two-count Superseding Indictment charging defendant Qinliang Chen (the "Defendant"), and others, with Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count One); and Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846 (Count Two);[1]

WHEREAS, the Superseding Indictment included a Money Laundering Forfeiture Allegation, which gave the Defendant notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(1), and upon conviction of the offense alleged in Count One of the Superseding Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, the Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided

---

[1] The Defendant was not charged in Count Two of the Superseding Indictment.

without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described above;

WHEREAS, on February 23, 2024, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of specific property that the government intended to forfeit pursuant to 18 U.S.C § 982(a)(1), as a result of violations of 18 U.S.C. § 1956(h);

WHEREAS, the Bill of Particulars identified property, real or personal, involved in such offense, and property traceable to such property, including, but not limited to, the following specific property from the Defendant:

a. $159,905 in United States Currency, seized from a 2022 Chrysler Pacifica, VIN 2C4RC1BGXNR116768, registered to EAN Holdings, LLC, and in the possession of Qinliang Chen, at Altamonte Springs, Florida (the "Currency");

WHEREAS, on February 26, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Superseding Indictment;

WHEREAS, during the plea hearing, the United States gave a recitation of the facts, referenced the Currency being forfeited, and described how the Currency being forfeited represented property, real or personal, involved in the offense in violation of 18 U.S.C. § 1956(h), as charged in Count One of the Superseding Indictment, and/or represented property traceable to such property, in violation of 18 U.S.C. § 1956(h), as charged in Count One of the Superseding Indictment, and the Defendant did not object, and therefore, the Defendant consented to the forfeiture of all of his interests in the Currency;

WHEREAS, in light of the Defendant's guilty plea and his admissions during the February 26, 2024 plea hearing, the United States has established the requisite nexus between the

Currency and the offense to which the Defendant pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to 18 U.S.C § 982(a)(1); and

WHEREAS, pursuant to 18 U.S.C § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Currency and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition, pursuant to 18 U.S.C § 982(a)(1).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency and maintain it in its secure custody and control.

5. Pursuant to 18 U.S.C § 982(a)(1), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Currency.

6. Pursuant to 18 U.S.C § 982(a)(1), incorporating 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have

alleged an interest in the Currency to be forfeited.

7. Pursuant to 18 U.S.C § 982(a)(1), incorporating 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 18 U.S.C § 982(a)(1), incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C § 982(a)(1), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: 11/12/2024

/s/ Angel Kelley
ANGEL KELLEY
United States District Judge